Aaron M. Kaufman (TX Bar No. 24060067)
Ariel J. Snyder (TX Bar No. 24115436)*
**pro hac vice* pending
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401
Email: akaufman@dykema.com
Email: asnyder@dykema.com

Danielle N. Rushing (TX Bar No. 24086961)
**DYKEMA GOSSETT PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395
Email: drushing@dykema.com

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **IN RE:**<br><br>**GGI HOLDINGS, LLC,**<br><br>DEBTOR. | **CASE NO. 20-31318**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S GYM INTERNATIONAL, INC.,**<br><br>DEBTOR. | **CASE NO. 20-31319**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S HOLDING CORP.,**<br><br>DEBTOR. | **CASE NO. 20-31320**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S ALABAMA, LLC,**<br><br>DEBTOR. | **CASE NO. 20-31321**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S GYM FRANCHISING, LLC,**<br><br>DEBTOR. | **CASE NO. 20-31322**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S GYM LICENSING, LLC,**<br><br>DEBTOR. | **CASE NO. 20-31323**<br><br>**CHAPTER 11** |

| | |
|---|---|
| **IN RE:**<br><br>**GOLD'S GYM MERCHANDISING, LLC,**<br><br>    DEBTOR. | **CASE NO. 20-31324**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S GYM ROCKIES, LLC,**<br><br>    DEBTOR. | **CASE NO. 20-31325**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S LOUISIANA, LLC,**<br><br>    DEBTOR. | **CASE NO. 20-31326**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S NORTH CAROLINA, LLC,**<br><br>    DEBTOR. | **CASE NO. 20-31328**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S OHIO, LLC,**<br><br>    DEBTOR. | **CASE NO. 20-31329**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S OKLAHOMA, LLC,**<br><br>    DEBTOR. | **CASE NO. 20-31330**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S SOUTHEAST, LLC,**<br><br>    DEBTOR. | **CASE NO. 20-31332**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S ST. LOUIS, LLC,**<br><br>    DEBTOR. | **CASE NO. 20-31333**<br><br>**CHAPTER 11** |
| **IN RE:**<br><br>**GOLD'S TEXAS HOLDINGS GROUP, INC.,**<br><br>    DEBTOR. | **CASE NO. 20-31337**<br><br>**CHAPTER 11** |

## MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 BANKRUPTCY CASES

GGI Holdings, LLC and its affiliates (collectively, the "Debtors"), debtors[1] in the above-captioned chapter 11 cases (the "Cases"), hereby file this *Motion for Order Directing Joint Administration of Chapter 11 Bankruptcy Cases* (the "Motion"). In Support of the Motion, the Debtors respectfully represent as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On May 4, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

3. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in the Cases by the United States Trustee. Neither a trustee nor an examiner has been requested or appointed in the Cases.

4. The statutory predicates for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 1015-1 of the Local Court Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GGI Holdings, LLC (1222); Gold's Gym International, Inc. (3614); Gold's Holding Corp. (3610); Gold's Alabama, LLC (0520); Gold's Gym Franchising, LLC (5009); Gold's Gym Licensing, LLC (5013); Gold's Gym Merchandising, LLC (4892); Gold's Gym Rockies, LLC (7129); Gold's Louisiana, LLC (9825); Gold's North Carolina, LLC (3221); Gold's Ohio, LLC (4396); Gold's Oklahoma, LLC (7577); Gold's St. Louis, LLC (4827); Gold's Southeast, LLC (9382); and Gold's Texas Holdings Group, Inc. (8156). The Debtors' mailing address is 4001 Maple Avenue, Suite 200, Dallas, Texas 75219.

5.      A more detailed history of the Debtor's operations and successes are discussed in the *Declaration of Adam Zeitsiff in Support of the Debtors' Chapter 11 Petition and First Day Relief* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein.

## II.  RELIEF REQUESTED

6.      By this Motion, the Debtors request an order directing that the above-captioned Cases be jointly administered under the GGI Holdings, LLC case number and caption.

## III.  BASIS FOR RELIEF

7.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates."  FED. R. BANKR. P. 1015(b).  The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).  Accordingly, this Court is authorized to consolidate these Cases for procedural purposes.

8.      Additionally, Local Rule 1015-1 provides as follows:

> **(a) Motions for Joint Administration.**
>
> When a case is filed for or against a debtor related to a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case.  Motions for joint administration will be assigned for determination to the bankruptcy judge presiding over the first related cases filed in this district, regardless of the division in which the case is filed.

N.D. TEX. L.B.R. 1015-1.

9.      The joint administration of these Cases will make the prosecution of the Cases more efficient and cost-effective for all parties involved.  Joint administration will remove the need for the Debtors to prepare, replicate, file, and serve duplicative notices, applications, and orders, which will save substantial time and expense.  Additionally, joint administration will also

allow the Clerk of the Court to use a single docket for each of the affiliated Cases and to combine notices to creditors and other parties in interest. The United States Trustee and other parties in interest will similarly benefit from joint administration by minimizing the time and expense of reviewing duplicative pleadings.

10. Accordingly, the Debtors request that the following caption to be used by all parties in all pleadings in the jointly administered Cases appear as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 20-31318** |
| | § | |
| **GGI HOLDINGS, LLC,** *et al.*, | § | **CHAPTER 11** |
| | § | |
| **DEBTORS.** | § | **(Jointly Administered)** |

11. The joint administration of the Debtors' Cases is appropriate because the Debtors intend to file with this Court numerous motions and applications to effect a smooth process for the business during the bankruptcy and a rapid exit through a confirmed plan. As such, the joint administration of these Cases, including the combining of notices to creditors of the respective estates, as well as the notices and hearings of all matters at the same time, including, without limitation, motions and adversary proceedings, if any, will promote the economical, efficient, and convenient administration of the Debtors' estates. Separately administering the Cases of the multiple Debtors, each with its own case docket, would result in duplicative pleadings repeatedly being filed. Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court. In addition, parallel, partially duplicative, yet separately administered Cases would also risk confusing and possibly prejudicing or harming the interests of creditors and parties-in-interest. As such, the Debtors request the administrative consolidation under Bankruptcy Rule 1015(b).

12. The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these Cases because the relief sought by this Motion is purely procedural and is in no way intended to affect substantive rights. The Debtors will file schedules of assets and liabilities, and statements of financial affairs for each entity in its appropriate case. Each creditor will maintain its claims and rights against individual Debtors. Accordingly, despite the joint administration and the uniform caption, the Debtors request that creditors be instructed to file any proofs of claim in the appropriate case to which the claim relates, containing the appropriate style for such case without using the jointly-administered style for these Cases.

13. There are no administrative or scheduling orders previously entered that would require modification upon the entry of an order on this Motion. A consolidated matrix will be filed with the Court upon entry of an order granting this motion.

### IV. **NO PRIOR REQUEST**

14. No previous request for the relief sought in this Motion has been made to this Court or any other Court.

### V. **NOTICE**

15. Notice of this Motion has been given to the following: (i) the pre-petition and post-petition lenders and their respective counsel; (ii) the consolidated top fifty (50) unsecured creditors of the Debtors; (iii) the United States Trustee; (iv) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; and (v) all applicable government agencies to the extent required by the Bankruptcy Rules and the local rules of this Court. The Debtors submit that no other or further notice of the hearing on the Motion is necessary.

## VI. **PRAYER**

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the same form as the proposed order attached hereto, directing joint administration of the above-captioned Cases and granting such other and further relief as is just and proper.

Dated: May 4, 2020

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Aaron M. Kaufman*
    Aaron M. Kaufman
    State Bar No. 24060067
    akaufman@dykema.com
    Ariel J. Snyder (*pro hac vice* pending)
    State Bar No. 24115436
    asnyder@dykema.com
    Comerica Bank Tower
    1717 Main Street, Suite 4200
    Dallas, Texas 75201
    Telephone: (214) 462-6400
    Facsimile: (214) 462-6401

and

Danielle N. Rushing
State Bar No. 24086961
drushing@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION**