Aaron M. Kaufman (TX Bar No. 24060067)
Ariel J. Snyder (TX Bar No. 24115436)*
*pro hac vice admission
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401
Email: akaufman@dykema.com
Email: asnyder@dykema.com

Danielle N. Rushing (TX Bar No. 24086961)
**DYKEMA GOSSETT PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395
Email: drushing@dykema.com

PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 20-31318-hdh11** |
| | § | |
| **GGI HOLDINGS, LLC, et al.,** | § | **CHAPTER 11** |
| | § | |
| **DEBTORS.[1]** | § | **(Jointly Administered)** |
| | § | |

## DEBTORS' (I) MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO PAY PRE-PETITION CLAIMS OF AN ADDITIONAL CRITICAL VENDOR AND (II) MOTION TO AMEND *ORDER AUTHORIZING THE DEBTORS TO PAY PRE-PETITION CLAIMS OF CRITICAL VENDORS [ECF NO. 58]*

GGI Holdings, LLC and its affiliates (collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Cases"), hereby file this *Debtors' (I) Motion for Entry of an Order Authorizing the Debtors to Pay Pre-petition Claims of an Additional Critical Vendor and (II) Motion to Amend* Order Authorizing the Debtors to Pay Pre-petition Claims of Critical Vendors [ECF No. 58] (the "Motion"), seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Amended Order"), amending the *Order Authorizing*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GGI Holdings, LLC (1222); Gold's Gym International, Inc. (3614); Gold's Holding Corp. (3610); Gold's Alabama, LLC (0520); Gold's Gym Franchising, LLC (5009); Gold's Gym Licensing, LLC (5013); Gold's Gym Merchandising, LLC (4892); Gold's Gym Rockies, LLC (7129); Gold's Louisiana, LLC (9825); Gold's North Carolina, LLC (3221); Gold's Ohio, LLC (4396); Gold's Oklahoma, LLC (7577); Gold's St. Louis, LLC (4827); Gold's Southeast, LLC (9382); and Gold's Texas Holdings Group, Inc. (8156). The Debtors' mailing address is 4001 Maple Avenue, Suite 200, Dallas, Texas 75219.

*the Debtors to Pay Pre-petition Claims of Critical Vendors [ECF No. 58]* (the "Critical Vendor Order") to include an additional critical vendor, Southwest Media Group ("SMG"). In Support of the Motion, the Debtors respectfully represent as follows:

## I. PRELIMINARY STATEMENT AND RELIEF REQUESTED

1.      The Debtors presently boast one of the largest networks of company-owned and franchised fitness centers in the world, with nearly 700 gyms worldwide. The business began with a single location in Venice Beach, California, in1965, began a franchising in the early 1980s and has grown into a global icon with nearly 700 locations serving approximately 3 million people across six continents each day. Today, the Debtors own and operate approximately 95 gyms domestically, and hold franchise agreements for more than 600 gyms domestically and internationally. A more detailed history of the Debtor's operations and successes are discussed in the *Declaration of Adam Zeitsiff in Support of the Debtors' Chapter 11 Petition and First Day Relief* (the "First Day Declaration"), filed previously in these Cases and incorporated herein.

2.      On May 7, 2020, the Court entered the Critical Vendor Order, authorizing the Debtors to pay the prepetition claims of certain vendors the Debtors deemed critical to their going concern. The Debtors did not include SMG in the initial Critical Vendor motion filed on the Petition Date (as defined below) because, at the time, the Debtors believed that they could cure any outstanding amounts owed to SMG as part of a contract assumption at the time of confirmation. Since that time, the Debtors have learned that there are more pressing matters that cannot wait until confirmation.

3.      SMG is the Debtors' media buyer for the Gold's Gym Advertising Program ("GGAP"), a fund which is comprised of monthly contributions paid by franchisees on a per-gym basis. The Debtors (through SMG) make national advertising buys on behalf of the entire brand

in order to promote both company-owned and franchise-owned gyms. The Debtors then pay SMG from funds collected from the GGAP. Due to the COVID-19 shutdowns, and the timing associated with the processing of invoices and collection of GGAP funds, the Debtors were unable to pay SMG for all media buys placed before the bankruptcy filing. The Debtors learned recently that the impact of not catching up on payments due to SMG until confirmation will negatively impact the Debtors—media vendors like Google, Facebook, Instagram, and other social media vendors will stop placing ads for the brand. In an effort to avoid this scenario, the Debtors ask for authority to add SMG to the Critical Vendor Order, but only for a portion of their total claim.

4.      According to the Debtors' schedules filed on May 18, 2020, the Debtors owe SMG $3,354,282.17. *See* Case No. 20-31320-hdh11, ECF No. 13. By this Motion, the Debtors propose to pay SMG as follows:

> a.    $250,000 immediately, in order to pay Google to bring all Gold's Gym accounts current; and
>
> b.    $735,000 over the next nine (9) weeks under the current DIP budget period, as necessary to bring the GGAP account current on behalf of the Debtors' franchisees.

## II.      JURISDICTION, VENUE, AND BACKGROUND

5.      On May 4, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has yet been appointed in any of these Cases. The Official Committee of Unsecured Creditors was appointed on May 15, 2020. *See* ECF No. 129.

119899.000001 4836-2227-3725.1

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory predicates for the relief requested herein are sections 105(a), 363, and 364 of the Bankruptcy Code and Rules 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### III.      SMG IS A CRITICAL VENDOR

8.      The Debtors have undertaken a thorough review of their accounts payable and their list of pre-petition Vendors to identify those Vendors who are essential to the Debtors' operations. In analyzing which Vendors, if any, should be deemed Critical Vendors, the Debtors identified those Vendors that are most essential to the Debtors' operations using the following criteria:

   a.   whether the vendor in question is a "sole-source" or "limited source" provider;

   b.   the costs and delay associated with identifying and qualifying a replacement;

   c.   whether the Debtors receive advantageous pricing or other terms from a Vendor such that replacing the Vendor post-petition would result in significantly higher costs to the Debtors; and

   d.   the overall impairment on the Debtors' operations that would result if the particular Critical Vendor ceased or delayed services.

9.      The Debtors believe that the foregoing payments to SMG satisfy these conditions. SMG is responsible for ad placements for the Debtors and their franchisees.  Failure to pay SMG a portion of its claim now will result in significant impairment if the Debtors and their franchisees

are no longer able to place ads on social media sites like Facebook, Instagram and Google. Delaying payment is simply not an option. The Debtors have attempted to negotiate with SMG in good faith. The result of such negotiations is this Motion, the partial payment of SMG's pre-petition claim, which is essentially a passthrough for SMG to its media vendors. The Debtors will continue to work with SMG on the total amount due to SMG and whether SMG will provide more favorable terms going forward.

### IV.     ARGUMENTS AND AUTHORITY

10.     Without the relief requested in this Motion, the Debtors will be forced to expend valuable time and resources seeking replacement of critical services, possibly on unfavorable economic terms as compared to the terms offered by the SMG. Therefore, to minimize the disruption of the Debtors' operations, the Debtors have determined that relief requested herein is in the best interests of the Debtors, their estates, and their creditors.

11.     The Court's equitable powers are codified in section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *N.L.R.B. v. Bildisco & Bildisco (In re Bildisco)*, 465 U.S. 513, 528 (1984)). Under section 105(a), a court "can permit a pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR, L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992).

12.     Section 363(b)(1) of the Bankruptcy Code authorizes the trustee to use property of the estate other than in the ordinary course of business after notice and a hearing. 11 U.S.C.

§ 363(b)(1). Pursuant to Bankruptcy Rule 6003(b), authorization to utilize property of the estate, "including a motion to pay all or part of a claim that arose before the filing of the petition[,]" may not be granted in the first 21 days of a bankruptcy case, except "to the extent that relief is necessary to avoid immediate and irreparable harm[.]" FED. R. BANKR. P. 6003(b).

13.     The "necessity of payment" rule further supports the relief requested herein. *See, e.g.*, *In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (authorizing payment of pre-petition claims of trade creditors that continue customary trade terms). The "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176; *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987). This rule is consistent with the paramount goal of the chapter 11 process: facilitating the continued operating and rehabilitation of a debtor. *See Ionosphere Clubs*, 98 B.R. at 176.

14.     Courts in this District have approved the payment of certain critical vendors for pre-petition claims. *See In re Mirant Corp.*, 296 B.R. 427, 429–30 (Bankr. N.D. Tex. 2003); *In re CoServ, L.L.C.*, 273 B.R. 487, 498 (Bankr. N.D. Tex. 2002). First, a critical vendor must be "virtually indispensable to profitable operations or preservation of the estate." *Coserv*, 273 B.R. at 498. Second, a debtor must demonstrate that "economical gain to the estate or the going concern value of the business will result or that serious economic harm will be avoided through payment of the prepetition claim, which itself is materially less than the potential loss to the estate or business." *Id.* at 498–99. Third, there must be "no practical or legal alternative by which the debtor can deal with the [critical vendor] other than by payment of the claim." *Id.* at 498. Additionally, the *Mirant Corp.* court noted that payment of critical vendors was commonplace in some jurisdictions and recognized that "a vendor might condition future dealings with [a debtor]

on payment of its prepetition claim, whether or not payment of that claim could be justified under *In re Coserv*." *Mirant Corp.*, 296 B.R. at 429. Thus, the *Mirant Corp.* court permitted the payment of certain critical vendors' pre-petition claims without the necessity of the debtor proving *CoServ*'s three elements.

15.    Here, the consequences of the failure of SMG to continue placing ads for the Debtors and their franchisees would be disastrous and immediately impact and compromise the Debtors' operations and reputation. The Debtors' ability to generate post-petition income and operate their businesses depends on the their ability to place ads in the ordinary course of business. Therefore, the payment of the amounts set forth above to SMG is critical to the Debtors' successful reorganization in these Cases.

16.    The Debtors submit that nothing in this Motion is intended or should be construed: (a) as an admission as to the validity of any claim or lien, including, but not limited to, any claim or lien of a Critical Vendor against the Debtors or their estates; (b) as a waiver of the Debtors' right to dispute any claim, including, but not limited to, any claim asserted by a Critical Vendor; (c) as approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (d) to prejudice any of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Critical Vendor.

## V.    BANKRUPTCY RULE 6003 IS SATISFIED

17.    Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant . . . (b) a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate including a motion to pay all or part of a claim that arose before the [Petition Date.]" FED. R. BANKR. P. 6003. As discussed above, the payment of the Critical Vendor Amounts

is imperative to prevent the immediate and irreparable harm to the Debtors' operations, going concern value, confidence in customers of the Debtors, and thus the Debtors' ability to reorganize. Accordingly, the relief requested herein is consistent with Bankruptcy Rule 6003.

18.    For all the foregoing reasons, the Debtors seek authority, in their discretion, pursuant to sections 105(a), 363, and 506(b) of the Bankruptcy Code to pay $985,000 to SMG as outlined above.

## VI.    REQUEST FOR WAIVER OF STAY

19.    By this Motion, the Debtors seek a waiver of any stay of the effectiveness of the Proposed Order.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As set forth above, the Debtors require immediate relief to continue ordinary business operations for the benefit of customers and all parties in interest.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## VIII.    PRAYER

WHEREFORE, the Debtors respectfully request that this Court enter the Amended Order, (i) authorizing the Debtors to pay $985,000 to SMG on the terms set forth herein, and (ii) granting such other and further relief as is just and proper.

119899.000001 4836-2227-3725.1

Dated: May 22, 2020          Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: _/s/ Aaron M. Kaufman_
    Aaron M. Kaufman
    State Bar No. 24060067
    akaufman@dykema.com
    Ariel J. Snyder (*pro hac vice* admission)
    State Bar No. 24115436
    asnyder@dykema.com
    Comerica Bank Tower
    1717 Main Street, Suite 4200
    Dallas, Texas 75201
    Telephone: (214) 462-6400
    Facsimile: (214) 462-6401

    and

    Danielle N. Rushing
    State Bar No. 24086961
    drushing@dykema.com
    112 East Pecan Street, Suite 1800
    San Antonio, Texas 78205
    Telephone: (210) 554-5500
    Facsimile: (210) 226-8395

**PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of May, 2020, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and by first-class U.S. mail upon the parties on the attached Limited Service List, which includes SMG.

    _/s/ Danielle N. Rushing_
    Danielle N. Rushing

In re:
**GGI Holdings, LLC, et al.**
Limited Service List
Case No. 20-31318-hdh

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Top Creditor | 1431 SC, LTD | | 500 West 5th Street | Suite 700 | Austin | TX | 78701 | | | | |
| Top Creditor | 35/WCD Century South K/C, LTD | | 101 W. 6th Street | Suite 300 | Austin | TX | 78701 | | | | |
| Top Creditor | 5001 Convict Hill Partnership, LTD | | 11940 Jollyville Road | Suite 300-S | Austin | TX | 78759 | | | | |
| Top Creditor | 6001 Middle Fiskville, LP | | PO Box 9190 | | Austin | TX | 78766 | | | | |
| Top Creditor | 635 Gravois Road Leasing, LLC | | 911 East County Lane Road 206 | | Lakewood | NJ | 08701 | | | | |
| Top Creditor | 7650 FM78 Leasing, LLC | | 911 East County Lane Road 206 | | Lakewood | NJ | 08701 | | | | |
| Top Creditor | AAT Alamo Quarry, LLC | | 1455 El Camino Real | Suite 200 | San Diego | CA | 92130 | | | | |
| Top Creditor | AAT Alamo Quarry, LLC | | 9595 Wilshire Blvd | Suite 700 | Beverly Hills | CA | 90212 | | | | |
| Top Creditor | ADP, Inc - Boston | | PO Box 842875 | | Boston | MA | 02284-2875 | | 770-360-8481 | | adpwirepayments@adp.com |
| Top Creditor | Aerobic (MO), LLC | | 50 Rockefeller Plaza | | New York | NY | 10020 | | | | |
| Top Creditor | Alpine Preston Center, LLC | | PO Box 734148 | | Dallas | TX | 75373-4148 | | | | |
| Top Creditor | Amargosa Palmdale Investments, LLC | | 9301 Wilshire Blvd | Suite 206 | Beverly Hills | CA | 90210 | | | | |
| Top Creditor | AVG Fitness Txok, LLC | | 9595 Wilshire Blvd | Suite 700 | Beverly Hills | CA | 90212 | | | | |
| Top Creditor | BAFCO III, LLC | | 3860 Gloucester Dr | | Lexington | KY | 40510 | | | | |
| Counsel to Spirit GG O'Fallon MO, LLC, et al. | Ballard Spahr, LLP | Attn: C. S. Ganz, K. E. Anderson Sanchez | 1 East Washington Street | Suite 2300 | Phoenix | AZ | 85004-2555 | | | | andersonsanchezk@ballardspahr.com |
| Pre-Petition Lender | Bank of America, NA | c/o Louis R. Strubeck | Norton Rose Fulbright US LLP | 2200 Ross Avenue | Dallas | TX | 75201-7932 | | | | |
| Texas Comptroller of Public Account | Bankruptcy & Collections Div MC 008 | Attn: E. Stuart Phillips | Assistant Attorney General | PO Box 12548 | Austin | TX | 78711-2548 | | (512) 475-4861 | (512) 936-1409 | bk.sphillips@oag.texas.gov |
| Counsel for RPT Realty, L.P | Barclay Damon LLP | Attn: Kevin M. Newman | Barclay Damon Tower | 125 East Jefferson Street | Syracuse | NY | 13202 | | (315) 413-7115 | (315) 703-7349 | knewman@barclaydamon.com |
| Counsel for RPT Realty, L.P | Barclay Damon LLP | Attn: Scott L. Fleischer | 1270 Avenue of the Americas | Suite 501 | New York | NY | 10020 | | 212-784-5810 | 212-784-5799 | sfleischer@barclaydamon.com |
| Counsel to 5001 Convict Hill Partnership, Ltd. | Barron & Newburger, P.C. | Attn: Barbara M. Barron;Stephen W. Sather | 7320 N. Mopac Expwy, | Ste 400 | Austin | TX | 78731 | | (512) 476-9103 | | bbather@bn-lawyers.com |
| Top Creditor | Benussen Deutsch & Associates LLC | | 15525 Woodinville-Redmond Rd NE | | Woodinville | WA | 98072 | | 512-244-7946 | | mayela@commercialswim.com |
| Top Creditor | Boniuk Interests, LTD | | 3720 San Jacinto St | | Houston | TX | 77004 | | | | |
| Counsel to H-E-B, LP | Branscomb PLLC | Attn: Patrick H. Autry | 8023 Vantage Drive | Suite 560 | San Antonio | TX | 78230 | | 210-598-5400 | 210-598-5405 | pautry@branscomblaw.com |
| Attys for All American Coatings & Remodeling LLC | C Daniel Roberts PC | Attn: C Daniel Roberts | 1602 East Cesar Chavez | | Austin | TX | 78702 | | (512) 494-8448 | (512) 494-8712 | droberts@cdrlaw.net |
| Top Creditor | Chengdu, LC | | 5886 DeZavala Rd | Suite 102 #501 | San Antonio | TX | 78249 | | | | |
| Top Creditor | Commercial Swim Management | | PO Box 952 | | Hutto | TX | 78634 | | 770-360-8481 | | adpwirepayments@adp.com |
| Texas Comptroller of Public Account | Comptroller of Public Account | | PO Box 149359 | | Austin | TX | 78774 | | | | |
| Counsel to Alpine Preston Center, LP & et al. | Condon Tobin Sladek Thornton, PLLC | Attn: J. Seth Moore, Esq. | 8080 Park Lane, Suite 700 | | Dallas | TX | 75231 | | 214-265-3800 | 214-691-6311 | smoore@ctstlaw.com |
| Top Creditor | DDR DB SA Phase II, LP | | PO Box 931835 | | Cleveland | OH | 44193 | | | | |
| Counsel to RSG Group North America LP | Dentons US LLP | Attn: Casey Doherty | 2000 McKinney Ave., | Suite 1900 | Dallas | TX | 77201 | | 214-259-0999;713-725-3877 | 713-739-0834 | Casey.doherty@dentons.com |
| Counsel to RSG Group North America LP | Dentons US LLP | Attn: Samuel R. Maziel | 601 South Figueroa Street, | Suite 2500 | Los Angeles | CA | 90017-5704 | | 213-892-2910 | 213-623-9924 | samuel.maziel@dentons.com |
| Debtors' Counsel | Dykema Gossett PLLC | Attn: Aaron M. Kaufman;Ariel J. Snyder | Comerica Bank Tower | 1717 Main Street, #4200 | Dallas | TX | 75201 | | (214) 462-6400 | (214) 462-6401 | akaufman@dykema.com |
| Debtors' Counsel | Dykema Gossett PLLC | Attn: Danielle N. Rushing | 112 East Pecan Street | Suite 1800 | San Antonio | TX | 78205 | | (210) 554-5500 | (210) 226-8395 | drushing@dykema.com |
| Top Creditor | EC Foundation Quail, LLC | | P.O. Box 205110 | | Dallas | TX | 75320-5110 | | | | |
| Top Creditor | Ecova, Inc. | | 1313 North Atlantic, | Suite 5000 | Spokane | WA | 99201 | | 509-329-7426 | | accountsreceivable.insight@engie.com |
| Top Creditor | Encino Pinnacle Owner II, LLC | | 12950 Country Parkway | Suite 180 | San Antonio | TX | 78216 | | | | |
| Unsecured Creditors' Committee Member | Encino Pinnacle Owner II, LP | c/o Dan Deichert | 7247 Meadow Lake Avenue | | Dallas | TX | 75214 | | (214) 632-2463 | | dandeichert@gmail.com |
| Top Creditor | Europa Sports Products, LLC | | 11401 H Granite Street | | Atlanta | GA | 30384-7440 | | 800-477-4795 ext 1178 | | penniesmith@EuropaSports.com |

In re:
**GGI Holdings, LLC, et al.**
Limited Service List
Case No. 20-31318-hdh

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Counsel to JVRC Associates LLP | Fishman Jackson Ronquillo PLLC | Attn: Mark H. Ralston | Three Galleria Tower | 13155 Noel Road, Suite 700 | Dallas | TX | 75240 | | (972) 419-5544 | (972) 419-5501 | mralston@fjrpllc.com |
| Top Creditor | Florissant Market, LLC | | 600 Old Country Road | Suite 425 | Garden City | NY | 11530 | | | | |
| Counsel to Home Depot USA, Inc. | Foley & Lardner LLP | Attn: Holland N. O'Neil;Melina N. Bales | 2021 McKinney Avenue, | Ste. 1600 | Dallas | TX | 75201 | | 214-999-3000 | 214-999-467 | honeil@foley.com |
| Counsel to Washington Prime Group, Inc. | Frost Brown Todd LLC | Attn: Mark Platt, Esq. | 100 Crescent Court, Suite 350 | | Dallas | TX | 75201 | | 214-545-3474 | 214-545-3473 | mplatt@fbtlaw.com |
| Counsel to Washington Prime Group, Inc. | Frost Brown Todd LLC | Attn: Ronald E. Gold, Esq. | 3300 Great American Tower | 301 East Fourth Street | Cincinnati | OH | 45202 | | 513-651-6800 | 513-651-6981 | rgold@fbtlaw.com |
| Debtor | GGI Holdings, LLC | | 4001 Maple Ave. | Ste. 200 | Dallas | TX | 75219 | | | | |
| Debtors' Financial Advisors | GlassRatnerAdvisory&CapitalGroup LLC | Attn: Mark Shapiro | 3500 Maple Avenue, | Suite 420 | Dallas | TX | 75219 | | | | mshapiro@glassratner.com |
| Top Creditor | Google, Inc. | | 1600 Amphitheatre Pkwy | | Mountain View | CA | 94043 | | 301-255-6400 | | kgravell@motionsoft.net |
| Top Creditor | GTT Parking, LP | | 804 Congress Ave | Ste 300 | Austin | TX | 78701 | | | | |
| Counsel to Hester's Crossing, et al. | Hajjar Peters, LLP | Attn: Todd Headden | 3144 Bee Caves Rd | | Austin | TX | 78746 | | (512) 637-4956 | (512) 637-4958 | theadden@legalstrategy.com |
| Top Creditor | Hester's Crossing Propery, LLC | | 500 E. 4th Street | #303 | Austin | TX | 78701 | | | | |
| Counsel to The Fitness Grp LLC | Holmgren Johnson:Mitchell MaddenLLP | Attn: Dennis M. Holmgren | 12801 North Central Expressway | Suite 140 | Dallas | TX | 75243 | | 972-484-7780 | 972-484-7743 | Dennis@hjmmlegal.com |
| Top Creditor | Humpty Dumpty SSM, LTD | | 505 West 5th St | Suite 700 | Austin | TX | 78701 | | | | |
| IRS | Internal Revenue Service | | Special Procedures-Insolvency | PO Box 7346 | Philadelphia | PA | 19101-7346 | | | | |
| Top Creditor | James P. Argyropoulos Trust | | 1244 Sixth Street | | Santa Monica | CA | 90401 | | | | |
| Top Creditor | Jeffrey R. Melichar | | 11712 Moonpark St | Ste 201B | Studio City | CA | 91604 | | | | |
| Top Creditor | JMC Ranch West Creek, LLC | | 201 W. 5th St | Suite 1200 | Austin | TX | 78701 | | | | |
| Secured Lender | JPMorganChaseBank NA as Admin Agent | c/o Louis R. Strubeck | Norton Rose Fulbright US LLP | 2200 Ross Avenue | Dallas | TX | 75201-7932 | | | | |
| Top Creditor | JVRC Associates, LLP | | 895 Central Ave | STE 600 | Cincinnati | OH | 45202 | | | | |
| Unsecured Creditors' Committee Member | JVRC Associates, LLP | c/o Lori Kurtz | 4779 North Academy Blvd. | | Colorado Springs | CO | 80918 | | 719-492-1024 | | llkurtz@aol.com |
| Counsel to Chengdu, LLC | Kane Russell Coleman Logan PC | Attn: Michael P. Ridulfo | 5051 Westheimer Road, 10th Floor | | Houston | TX | 77056 | | (713) 425-7400 | (713) 425-7700 | mridulfo@krcl.com |
| Counsel to Site Centers Corp. | Kelley Drye & Warren LLP | Attn: RL LeHane;JD Raviele;ST Wilson | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | jraviele@kelleydrye.com |
| Proposed Counsel to UCC | Kilpatrick Townsend | Attn: Gianfranco Finizio/David Posner | The Grace Building | 1114 Avenue of the Americas | New York | NY | 10036 | | 212-775-8840;212-775-8764 | 646-786-4442;212-658-9523 | dposner@kilpatricktownsend.com |
| Proposed Counsel for the Unsecured Creditors | Kilpatrick Townsend & Stockton LLP | Attn: Patrick J. Carew, Esq. | 2001 Ross Avenue | Suite 4400 | Dallas | TX | 75201 | | (214) 922-7155 | (214) 279-5178 | pcarew@kilpatricktownsend.com |
| Counsel to Guilbeau Ventures, LLC | Kustoff & Sanders, LLP | Attn: Daniel O Kustoff;Melanie H Sanders | 4103 Parkdale Street | | San Antonio | TX | 78229 | | 210-614-9444 | 210-614-9464 | service@salegal.com |
| Unsecured Creditors' Committee Member | Les Mills United States Trading | c/o Kimberly DiNino | 363 W. Erie Street, | Suite 200 | Chicago | IL | 60607 | | (847) 528-0033 | | Kim.dinino@lesmills.com |
| Top Creditor | Lifeblue Inc. | | 5830 Granite Parkway, | Suite 1250 | Plano | TX | 75024 | | 972-984-1899 | | kelly@lifeblue.com |
| Counsel to Bexar County | Linebarger Goggan Blair & Sampson | Attn: Don Stecker | 112 E. Pecan Street | Suite 2200 | San Antonio | TX | 78205 | | (210) 225-6763 | (210) 225-6410 | sanantonio.bankruptcy@publicans.com |
| Counsel to Dallas County, Ellis County | Linebarger Goggan Blair & Sampson | Attn: Elizabeth Weller | 2777 N. Stemmons Freeway | Suite 1000 | Dallas | TX | 75207 | | (214) 880-0089 | (469) 221-5003 | dallas.bankruptcy@publicans.com |
| Counsel for Montgomery County; Harris County | Linebarger Goggan Blair & Sampson | Attn: John P. Dillman | PO Box 3064 | | Houston | TX | 77253-3064 | | (713) 844-3400 | (713) 844-3503 | houston_bankruptcy@publicans.com |
| Counsel to Nueces County, Cameron County, et al. | Linebarger Goggan Blair&Sampson LLP | | PO Box 17428 | | Austin | TX | 78760-7428 | | (512) 447-6675 | (512) 443-5114 | austin.bankruptcy@publicans.com |
| Counsel for Texas Taxing Authorities | McCreary Veselka Bragg & Allen PC | Attn: Tara LeDay | State Bar Number 24106701 | P.O. Box 1269 | Round Rock | TX | 78680 | | (512) 323-3200 | (512) 323-3205 | tleday@mvbalaw.com |
| Counsel to Gold's Gym Franchise Association | McGuire, Craddock & Strother, P.C. | Attn: J. Mark Chevallier | 500 North Akard Street, | Suite 2200 | Dallas | TX | 75201 | | 214-954-6800 | 214-954-6868 | mchevallier@mcslaw.com |
| Top Creditor | MDC Coast 18, LLC | | 11995 El Camino Real | | San Diego | CA | 92130 | | | | |

In re:
**GGI Holdings, LLC, et al.**
Limited Service List
Case No. 20-31318-hdh

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Top Creditor | Morpheus Labs Inc | | 423 6th St South | | Kirkland | WA | 98033 | | 501-748-5284 | | wci.electronic.payments@windstream.com |
| Top Creditor | Motionsoft, INC. | | 1451 Rockville Pike, | Suite 500 | Rockville | MD | 20852 | | 425-739-9295 | | joel@8weeksout.com |
| Counsel to JVRC Associates, LLP | Mulliken Weiner Berg & Jolivet, PC | Attn: Murray I. Weiner | 102 South Tejon, | Suite 900 | Colorado Springs | CO | 80903 | | 719.635.8750 | 719.635.8706 | weiner@mullikenlaw.com |
| Counsel to TIAA | Munsch Hardt Kopf & Harr, P.C. | Attn: Deborah M. Perry | 500 N. Akard Street, Suite 3800 | | Dallas | TX | 75201-6659 | | (214) 855-7500 | (214) 855-7584 | dperry@munsch.com |
| Top Creditor | Murphy Plaza, LLC | | 2100 McKinney Ave | STE 800 | Dallas | TX | 75201 | | | | |
| Counsel for Secured Lender | Norton Rose Fulbright US LLP | Attn: Kristian W. Gluck | 2200 Ross Avenue | | Dallas | TX | 75201-7932 | | 214 855 8210 | 214 855 8200 | kristian.gluck@nortonrosefulbright.com |
| Counsel to JP Moorgan Chase Bank, NA | Norton Rose Fulbright US LLP | Attn: LR Strubeck, Jr;KW Gluck;LL Smith | 2200 Ross Avenue | Suite 3600 | Dallas | TX | 75201-7932 | | 214-855-8000 | 214-855-8200 | kristian.gluck@nortonrosefulbright.com |
| Attorney General of Texas | Office of the Attorney General ofTX | Attn: JB Binford;JC Roy,Asst Atty Gen | Bankruptcy & Collections Division | P.O Box 12548- MC 008 | Austin | TX | 78711-2548 | | 512/463-2173 | 512/936-1409 | casey.roy@oag.texas.gov |
| Attorneys for Claimant | Perdue Brandon Fielder Collins | c/o Jeanmarie Baer | & Mott LLP | PO Box 8188 | Wichita Falls | TX | 76307 | | 940-723-4323 | 940-723-8553 | jbaer@pbfcm.com |
| Counsel to Richardson ISD and Highland Park ISD | Perdue,Brandon,Fielder,Collins,Mott | c/o Eboney Cobb | 500 E. Border Street, Suite 640 | | Arlington | TX | 76010 | | (817) 461-3344 | (817) 860-6509 | ecobb@pbfcm.com |
| Top Creditor | RBR Real Estate Holdings, LLC | | 4001 Maple Avenue | Suite 200 | Dallas | TX | 75219 | | | | |
| Counsel to BAFCO III, LLC | Reed Smith LLP | Attn: Keith M. Aurzada; Michael P. Cooley | 2850 N. Harwood, Suite 1500 | | Dallas | TX | 75201 | | 469.680.4200 | 469.680.4299 | kaurzada@reedsmith.com |
| Counsel to Encino Pinnacle Owner II LP | Rochelle McCullough, LLP | Attn: E. P. Keiffer;Paul M. Lopez | 325 North St. Paul Street, | Suite 4500 | Dallas | TX | 75201 | | (214) 580-2525 | (214) 953-0185 | pkeiffer@romclaw.com |
| Top Creditor | San Antonio Fitness, LLC | | 9595 Wilshire Blvd | Suite 700 | Beverly Hills | CA | 90212 | | | | |
| Top Creditor | Southwest Media Group | | 1717 Main Street, Suite 4000 | | Dallas | TX | 75201 | | 214-562-5612 | | dbridgewater@2100rc.com |
| Top Creditor | Spirit GG O'Fallon MO, LLC | | 2727 North Harwood St | Suite 300 | Dallas | TX | 75201 | | | | |
| Top Creditor | Spirit GG St. Peters MO, LLC | | 2727 North Harwood St | Suite 300 | Dallas | TX | 75201 | | | | |
| Texas State Comptroller | State Comptroller | | PO Box 149355 | | Austin | TX | 78714-9355 | | | | |
| Counsel to Schnuck Markets, Inc. | Stone, Leyton & Gershman | Attn: E. Rebecca Case | A Professional Corporation | 7733 Forsyth Blvd., Suite 500 | St. Louis | MO | 63105 | | (314) 721-7011 | (314) 721-8660 | erc@stoneleyton.com |
| Secured Lender | Store Master Funding V, LLC | | 8501 E. Princess Dr | Suite 190 | Scottsdale | AZ | 85255 | | | | |
| Top Creditor | Supplyworks | | 701 San Marco Blvd. | | Jacksonville | FL | 32207 | | 888-704-7280 Ext 145352 | | megan_r_swan@homedepot.com |
| Top Creditor | Tejas Center, Ltd | | 1700 George Bush Drive East | Suite 240 | College Station | TX | 77840 | | | | |
| Top Creditor | The Eve Diamond Family, LP | | PO Box 2606 | | Novato | CA | 94947 | | | | |
| Top Creditor | The Raghian Familiy 2000 Trust | | 200 Concord Plaza Drive | Suite 860 | San Antonio | TX | 78216 | | | | |
| Top Creditor | The Universe of TX Health Science | | Center at San Antonio | 210 W. 7th St | Austin | TX | 78701 | | | | |
| Counsel to Travis County | Travis County | Attn: Jason A Starks | PO Box 1748 | | Austin | TX | 78767 | | 512-854-9092 | 512-854-9316 | Jason.Starks@traviscountytx.gov |
| Majority Owner and DIP Lender | TRT Holding, Inc. | | 4001 Maple Ave. | | Dallas | TX | 75219 | | | | |
| Texas Comptroller of Public Accounts | TX Comptroller of Public Accounts | Attn: Austin Audit Office | 1711 San Jacinto | Suite 410 | Austin | TX | 78711 | | | | |
| UST | United States Trustee | | 1100 Commerce Street | Room 976 | Dallas | TX | 75242 | | | | |
| DOJ | US Attorney's Office | | Northern District of Texas | 1100 Commerce Street, Third Floor | Dallas | TX | 75242-1699 | | | | |
| Top Creditor | Vena Solutions USA, Inc. | | 1971 Western Avenue, #1125 | | Albany | NY | 12203 | | 416-207-1770 | | accountsreceivable@venacpm.com |
| Top Creditor | Vereit Real Estate, LP | | 2325 E. Camelback Road | 9th Floor | Phoenix | AZ | 85016 | | | | |
| Counsel to 6001 Middle Fiskville, LP | Waller Lansden Dortch & Davis, LLP | Attn: William "Trip" Nix, III | 100 Congress Ave., | Suite 1800 | Austin | TX | 78701 | | (512) 685-6400 | (512) 685-6417 | eric.taube@wallerlaw.com |
| Secured Lender | Wells Fargo Bank NA | c/o Louis R. Strubeck | Norton Rose Fulbright US LLP | 2200 Ross Avenue | Dallas | TX | 75201-7932 | | | | |
| Top Creditor | Westlake Retail, LP | | 500 West 5th Street | Suite 700 | Austin | TX | 78701 | | | | |
| Counsel for Secured Lender | Wick Phillips | Attn: Jason Rudd | 3131 McKinney Avenue | Suite 100 | Dallas | TX | 75204 | | (214) 740-4038 | (214) 692-6255 | jason.rudd@wickphillips.com |
| Counsel to TRT Debt Funding LLC, TRT Holdings Inc | Wick Phillips Gould & Martin, LLP | Attn: Jason M. Rudd;Scott D. Lawrence | 3131 McKinney Avenue, | Suite 100 | Dallas | TX | 75204 | | (214) 692-6200 | (214) 692-6255 | jason.rudd@wickphillips.com |
| Top Creditor | Windstream | | P.O. Box 9001013 | | Louisville | KY | 40290-1013 | | 425-492-6111 | | arebilling@bdainc.com |

5/22/2020

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 20-31318-hdh11** |
| | § | |
| **GGI HOLDINGS, LLC, *et al.,*** | § | **CHAPTER 11** |
| | § | |
| **DEBTORS.**[1] | § | **(Jointly Administered)** |
| | § | |

**ORDER GRANTING (I) MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO PAY PRE-PETITION CLAIMS OF AN ADDITIONAL
CRITICAL VENDOR AND (II) MOTION TO AMEND *ORDER AUTHORIZING
THE DEBTORS TO PAY PRE-PETITION CLAIMS OF CRITICAL VENDORS [ECF NO. 58]***

The Court has considered *Debtors' (I) Motion for Entry of an Order Authorizing the*

*Debtors to Pay Pre-petition Claims of an Additional Critical Vendor and (II) Motion to Amend*

Order Authorizing the Debtors to Pay Pre-petition Claims of Critical Vendors [ECF No. 58] (the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GGI Holdings, LLC (1222); Gold's Gym International, Inc. (3614); Gold's Holding Corp. (3610); Gold's Alabama, LLC (0520); Gold's Gym Franchising, LLC (5009); Gold's Gym Licensing, LLC (5013); Gold's Gym Merchandising, LLC (4892); Gold's Gym Rockies, LLC (7129); Gold's Louisiana, LLC (9825); Gold's North Carolina, LLC (3221); Gold's Ohio, LLC (4396); Gold's Oklahoma, LLC (7577); Gold's St. Louis, LLC (4827); Gold's Southeast, LLC (9382); and Gold's Texas Holdings Group, Inc. (8156).  The Debtors' mailing address is 4001 Maple Avenue, Suite 200, Dallas, Texas 75219.

"Motion").[2] The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; (v) all objections to the Motion have been resolved by this Order or are overruled in their entirety; and (vi) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  **IT IS THEREFORE ORDERED** as follows:

1.      The Motion is **GRANTED**, as set forth herein.

2.      The Court's *Order Authorizing the Debtors to Pay Pre-petition Claims of Critical Vendors* [ECF No. 58] (the "Critical Vendor Order") is hereby amended to allow the Debtors in include Southwest Media Group as an additional Critical Vendor (as that term is defined in the Critical Vendor Order).

3.      The Debtors, in their business judgment, are authorized, but not directed, to pay Southwest Media Group up to $985,000, on the same terms as set forth the Critical Vendor Order, on the following schedule:  (a) $250,000 payable as soon as practicable upon entry of this order; and (b) $735,000 payable over the subsequent nine (9) weeks following the entry of this Order.

4.      Any payment or transfer made by the Debtors pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtors may have to dispute such obligation or waiver of any other rights or remedies of the Debtors, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

5.      All banks or other financial institutions on which checks were drawn or electronic payment requests made in payment of such pre-petition obligations approved herein are authorized and directed to (i) receive, process, honor, and pay any and all checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

6.      The Debtors are authorized to reissue any check, electronic payment, or other transfer that was drawn in payment of any Critical Vendor claims that is not cleared by a depository.

7.      Bankruptcy Rule 6003(b) has been satisfied.

8.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order, provided that such payments are consistent with budgets approved under separate orders of this Court authorizing continued use of cash collateral and authority to borrow funds.

9.      The terms and conditions of this Order are immediately effective and enforceable upon entry.

10.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**# # # END OF ORDER # # #**

Submitted by:
Aaron M. Kaufman (TX Bar No. 24060067)
Ariel J. Snyder (TX Bar No. 24115436) (*pro hac vice* admission)
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401
Email: akaufman@dykema.com
Email: asnyder@dykema.com

and

Danielle N. Rushing (TX Bar No. 24086961)
**DYKEMA GOSSETT PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395
Email: drushing@dykema.com

**PROPOSED COUNSEL FOR DEBTORS
AND DEBTOR-IN-POSSESSION**