

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed August 24, 2020

United States Bankruptcy Judge

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-31318-hdh11 |
| | § | |
| GGI HOLDINGS, LLC, *et al.*, | § | CHAPTER 11 |
| | § | |
| DEBTORS.¹ | § | (Jointly Administered) |
| | § | |
| IN RE: | § | |
| | § | CASE NO. 20-31323 |
| GOLD'S GYM LICENSING, LLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |
| | § | |

### ORDER DISMISSING GOLD'S GYM LICENSING, LLC'S
### BANKRUPTCY CASE AND GRANTING RELATED RELIEF

The Court has considered the *Motion for Order Dismissing Chapter 11 Bankruptcy Case of Gold's Gym Licensing, LLC and Granting Related Relief* (the "Motion").² Based on the record

---

¹ The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GGI Holdings, LLC (1222); Gold's Gym International, Inc. (3614); Gold's Holding Corp. (3610); Gold's Alabama, LLC (0520); Gold's Gym Franchising, LLC (5009); Gold's Gym Merchandising, LLC (4892); Gold's Gym Rockies, LLC (7129); Gold's Louisiana, LLC (9825); Gold's North Carolina, LLC (3221); Gold's Ohio, LLC (4396); Gold's Oklahoma, LLC (7577); Gold's St. Louis, LLC (4827); Gold's Southeast, LLC (9382); and Gold's Texas Holdings Group, Inc. (8156). The Debtors' mailing address is 4001 Maple Avenue, Suite 200, Dallas, Texas 75219.
² All capitalized terms not defined herein shall have the meaning ascribed in the Motion.

1

presented, the Court finds that: (i) the Motion was filed pursuant to the Sale Order; (ii) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (iii) the Motion is a core proceeding under 28 U.S.C. § 157(b); (iv) venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409; (iv) proper and timely notice of the Motion and this dismissal has been provided to all known parties entitled to notice thereof, in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court; (v) good cause exists for the dismissal of this bankruptcy case. **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The bankruptcy case of Gold's Gym Licensing, LLC ("Licensing") styled Case No. 20-31323, *In re Gold's Gym Licensing, LLC*, is hereby dismissed without prejudice, effective upon Closing of the Transaction on August 24, 2020.

3. To the extent objections to the Motion have not been withdrawn, waived, or, settled, such objections and all reservations of rights included therein are overruled on the merits. The parties who did not object or who withdrew their objections to the Motion are deemed to have consented to the dismissal of this case.

4. Notwithstanding Bankruptcy Code section 349, all prior orders, stipulations, settlements, rulings, orders, and judgments of this Court made during the course of Licensing's bankruptcy case shall remain in full force and effect, shall be unaffected by the dismissal of the Licensing's bankruptcy case, and are specifically preserved for purposes of finality of judgment and res judicata, including without limitation the settlements and releases set forth in the Final DIP Order, which shall survive the dismissal of Licensing's bankruptcy case. For the avoidance of doubt, unless otherwise delineated herein or in the Sale Order, Licensing shall have no going-forward responsibilities under the Bankruptcy Code, the Bankruptcy Rules, or applicable local

rules or guidelines as a debtor or debtor-in-possession in the jointly administered bankruptcy cases of GGI Holdings, LLC and its affiliates or this separately administered bankruptcy case.

5. Notwithstanding Bankruptcy Rule 9014, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs the immediate entry and effectiveness of this Order as set forth herein.

6. Within thirty (30) days of the case being dismissed, Licensing shall coordinate with GGI Holdings, LLC, its debtor affiliates, and their professionals to ensure that: (i) any and all outstanding monthly operating reports for the 3rd quarter of 2020 or subsequent quarters during which the Licensing bankruptcy case remained open are timely filed by GGI Holdings, LLC and its remaining debtor affiliates; and (ii) any and all Section 1930 Fees that are due and owing are paid by GGI Holdings, LLC and its remaining debtor affiliates. The U.S. Trustee reserves any and all rights, duties, and obligations to ensure that, inter alia, Licensing timely submits and files any and all such reports and pays any and all Section 1930 Fees that have not been paid on a timely basis.

7. For the avoidance of doubt (i) the Gold's Gym Debtors' claims and noticing agent will continue to accept claims asserted against Licensing, and (ii) in the event there are any unsecured claims timely asserted against Licensing, such claims, to the extent allowed, shall be entitled to the distributions afforded to the holders of general unsecured claims set forth in any chapter 11 plan filed or to be filed in the cases.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

### # # # END OF ORDER # # #

<u>Submitted by</u>:

**DYKEMA GOSSETT PLLC**

Aaron M. Kaufman
State Bar No. 24060067
akaufman@dykema.com
Ariel J. Snyder (*pro hac vice* admission)
State Bar No. 24115436
asnyder@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

and

Danielle N. Rushing
State Bar No. 24086961
drushing@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

**COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION**