Deirdre Carey Brown
FORESHEY PROSTOK LLP
1990 Post Oak Boulevard, Suite 2400
Houston, TX 77056
(832) 536-6910
dbrown@forsheyprostok.com
- and -
Jeffrey Chubak (pro hac vice)
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 497-8247
jchubak@aminillc.com
*Attorneys for Creditor Peak Credit LLC*
*Pro Hac Vice Pending*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 20-31318-hdh11** |
| | § | |
| **GGI HOLDINGS, LLC, et al.,** | § | **CHAPTER 11** |
| | § | |
| DEBTORS. | § | **(Jointly Administered)** |

**RESPONSE OF PEAK CREDIT LLC TO
LIQUIDATING TRUSTEE'S OBJECTIONS TO
PROOF OF CLAIM No. 280 FILED BY MORPHEUS LABS, INC. AND
PROOF OF CLAIM No. 300 FILED BY ONE FIT STOP USA CORP.**
**[Relates to ECF No. 779 and 780]**

Peak Credit LLC, the transferee (ECF No.568) of Proof of Claim No. 280, filed by

Morpheus Labs, Inc. ("Morpheus") and annexed hereto as Exhibit 1 ("Morpheus Claim"), and the

transferee (ECF No. 569) of Proof of Claim No.300 filed by One Fit Stop USA Corp. ("OFS") and

annexed hereto as Exhibit 2 ("OFS Claim"), responds as follows to the Trustee's objection to the

Morpheus Claim (ECF No.779) ("Morpheus Objection") and the Trustee's objection to the OFS

Claim (Doc. #780) ("OFS Objection"), and states:

## BACKGROUND

### I.   THE UNDERLYING PROJECT

1.    OFS is a fitness application developer that helps gyms provide their customers with a seamless mobile experience.  (Declaration of Jarron Aizen ("Aizen Decl."), attached hereto as Exhibit 3, ¶1.)

2.    Morpheus owns a technological platform that provide users with a snapshot of their fitness by among other things measuring physical activity, training intensity, heart rate variability, sleep quality and other data points, and making fitness-related user recommendations on the basis of the same.  (Declaration of Joel Jamieson ("Jamieson Decl."), attached hereto as Exhibit 4, ¶2.)

3.    OFS entered into a letter of intent on August 25, 2019 with Gold's Holding Corp. ("GHC"), concerning the underlying project that is the subject of the OFS and Morpheus Claims. (Aizen Decl. Ex. A.)  The letter of intent provided for an initial deposit of $80,000 and payment of fees as provided in future agreements between the parties.  The letter of intent was signed on behalf of GHC by Adam Zeitsiff, the Debtors' former CEO.  (Id.)

4.    At roughly the same time, Morpheus entered into a letter of intent with GHC to integrate its fitness technology into the mobile application being developed by OFS.  (Jamieson Decl. Ex. A.)

5.    The Debtors agreed to make payments on the basis of the letters of intent, pending execution of subsequent documentation.  (Aizen Decl. ¶¶2-3; Jamieson Decl. ¶¶3-4; Declaration of Adam Zeitsiff, attached hereto as Exhibit 5 ("Zeitsiff Decl.") ¶¶3-4.

6.    Work on the project commenced on execution in August 2019.  (Aizen Decl. ¶¶2-3; Jamieson Decl. ¶¶3-4.)  The principal Debtor contact in relation to the project was Tory Hale. (Declaration of Tory Hale, attached hereto as Exhibit 6 ("Hale Decl.") ¶2.)

7.     Despite the absence of more formal written agreements between each of Morpheus and OFS and a Debtor entity until March 2020, the parties understood they had an agreement, and the Debtors made payments to Morpheus and OFS on that basis of their respective letters of intent even before the execution of more formal documentation.  (Case #20-31320, Doc. #14 (Statement of Financial Affairs of Gold's Holding Corp.), Item 3 (reflecting February 13, 2020 payment of $160,000 to OFS, and February 27, 2020 payment of $129,600 to Morpheus; OFS MLA, SOW (both defined below) #2, § 4(c) (acknowledging prior payment under a letter of intent with OFS, dated August 25, 2019); Aizen Decl. ¶¶2-3; Jamieson Decl. ¶¶3-4.)

8.     Roughly six months after work commenced, OFS entered into a Master License Agreement with Gold's Gym Licensing LLC ("GGL"), that had an "Effective Date" of March 3, 2020 ("OFS MLA"); and on March 6, 2020, OFS and GGL executed two Statements of Work ("SOW") in relation to the project, concerning the development of its proprietary fitness platform and associated fitness tracking devices (referred to as the "Element 79" in the documents).  Copies of the OFS MLA and SOWs are attached to the OFS Claim.

9.     Section 2.1.2 (pages 5-19) of SOW #2 describes deliverables in relation to the platform, including those previously transmitted (e.g. 2.1.2-1.20 through 2.1.2-1.23).  Section 4(a) of SOW #2 provides for hourly billing.

10.     Morpheus entered into a Master Services and Licensing Agreement with GGL, that had an "effective date" of March 2, 2020 ("Morpheus MLA"); and on March 2, 2020, Morpheus and GGL executed a SOW in respect of the development of the subject platform and associated fitness tracking devices.  Copies of the Morpheus MLA and SOW are attached to the Morpheus Claim.

11.     The SOW includes eleven pages of "Morpheus Deliverable[s]" to be provided "in accordance with the Deliverable Schedule in this SOW."  (Attachment to Morpheus Claim at 29.)

The Deliverable Schedule lists thirty-two "Milestones" and associated "Deadlines." (Id. at 42-43.) The Deadlines for all but five predated March 2, 2020. (Id.)

12. Section 7(e) of the MSA provided for payment terms of $90/hour.

13. Adam Zeitsiff executed each of the OFS MLA, the Morpheus MLA, and the SOWs thereunder.

## II. THE CLAIMS

14. The OFS Claim is for $410,000, and is on account of three invoices for platform development related services rendered: Invoice #1005 for $40,000, dated March 1, 2020; Invoice #1015 for $200,000, dated March 15, 2020; and Invoice #1016 for $170,000, dated April 1, 2020. True copies of the invoices and backup for the same are attached to the Aizen Declaration.

15. The Morpheus Claim is for $414,030, on account of three invoices for platform development and application development (SDK) related services, user interface design (UI/UX) and hardware development (band design): Invoice #1016 for $114,600, dated February 13, 2020, Invoice #1018 for $151,200, dated March 31, 2020 and Invoice #1020 for $148,230, dated April 20, 2020. Backup for the time detail is annexed to the Jamieson Declaration.

16. Pursuant to a letter agreement, dated April 3, 2020 executed by Morpheus's counsel and Paul Early (Jamieson Decl. Ex. E), the Debtors' CFO on behalf of GGL, GGL acknowledged and agreed to pay the full amount of Invoice #1016 and Invoice #1018 (totaling $279,800), and agreed to pay all future invoices.

## RESPONSE

## I. LEGAL STANDARD

17. Proofs of claim are entitled to prima facie validity under Rule 3001(f). The burden only shifts to the claimant if the Trustee presents evidence sufficient to overcome the prima facie

effect of the claim. *Matter of O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998). The Trustee has failed to carry his burden as set forth below.

## II.     RESPONSE TO THE OBJECTIONS

18.     The Trustee has objected to both claims on the ground that "Claimant has also failed to provide sufficient evidence that the services were actually performed before the Debtors notified Claimant to stop all work" (OFS Objection ¶12; *see also* Morpheus Objection ¶¶14-15 (similar)), which the Trustee estimates based on his review of the Debtors' records occurred on or before March 31, 2020, when "the Debtors gave One Fit Stop a 'stop work' order." (OFS Objection Ex. B ¶¶3-4; *see also* Morpheus Objection Ex. B ¶¶3-4 (similar).)

19.     No stop work order, or other evidence in support of the Trustee's hearsay testimony is annexed to either objection. In addition, the underlying agreements do not permit termination without notice.

20.     This objection is defeated by the Aizen and Jamieson Declarations, which inter alia attach backup for the work performed; and the Zeitsiff and Hale Declarations which attest that to their knowledge neither Morpheus nor OFS were directed to stop work prior to the petition date; that in fact they were both encouraged to keep providing services up to the petition date; and that the Debtors' management was satisfied with the work performed. (Zeitsiff Decl. ¶¶4-6; Hale Decl. ¶¶4-7.)

21.     The Trustee has also objected to the claims on the ground that the amounts asserted therein "do not match the Debtors' books and records." (OFS Objection ¶12; *see also* Morpheus Objection ¶14 (similar).)

22.     This objection fails, as the Bankruptcy Rules expressly contemplate filed proofs of claim superseding a debtor's books and records. Rule 1007(c) requires that debtors file Schedules D and E/F setting forth amounts the debtor believes are owed as of the petition date. But Rule

3003(c)(4) nevertheless provides that filed proofs of claim supersede the amounts scheduled by the debtor. Disagreement by a post-confirmation trustee with the filed amount, based upon what the debtors' records provided, is not a ground for disallowance under Bankruptcy Code section 502(b).

23. Morpheus and OFS have no idea why the Debtors' books and records reflect a balance due lower than the amount of their respective, filed claims. (Morpheus Objection ¶10; OFS Objection ¶¶12, 14.)

24. The above-referenced letter agreement with Morpheus (Jamieson Decl. Ex. E) further made clear that a greater amount was immediately due and owing at least to Morpheus; and pursuant to the letter agreement the Debtors further agreed to pay future invoices that came due under the LOI. Written testimony aside, the letter agreement totally undermines the Trustee's theory that Morpheus and OFS were directed to stop work by the end of March 2020, as it is dated April 3, 2020; or that moneys was paid in March to "soften the blow" of termination.

25. The Trustee objected to the Morpheus Claim to the extent it asserts a right to payment on account of Invoice #1016, on the ground that it is dated prior to the effective date of the Morpheus MLA. (Morpheus Objection ¶14.)

26. This objection fails, however, as the SOW expressly contemplated Morpheus getting paid for pre-effective date work performed thereunder. As noted above, the deadline for the performance of virtually all "Morpheus Deliverable[s]" is pre-effective date.

WHEREFORE, the objections should be overruled, and the Morpheus and OFS Claims should be allowed in their respective filed amounts.

Dated: April 12, 2021

Respectfully submitted,

/s/ Deirdre Carey Brown
Deirdre Carey Brown
FORESHEY PROSTOK LLP
1990 Post Oak Boulevard, Suite 2400
Houston, TX 77056
(832) 536-6910
dbrown@forsheyprostok.com
- and -
Jeffrey Chubak (pro hac vice)
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 497-8247
jchubak@aminillc.com
*Attorneys for Creditor Peak Credit LLC*

*Pro Hac Vice Pending*