

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 13, 2024**

_____
**United States Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GGI Holdings, LLC, *et al.*,[1] | § | Case No. 20-31318-swe11 |
| | § | |
| Debtors. | § | Jointly Administered |

## FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

Upon the motion (the "**Motion**")[2] of Mark Shapiro, in his capacity as Trustee of the GGI Liquidating Trust (the "**Trustee**" of the "**Liquidating Trust**") for entry of a final decree (this "**Final Decree**") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Affiliate Cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were: GGI Holdings, LLC (1222); Gold's Gym International, Inc. (3614); Gold's Holding Corp. (3610); Gold's Alabama, LLC (0520); Gold's Gym Franchising, LLC (5009); Gold's Gym Merchandising, LLC (4892); Gold's Gym Rockies, LLC (7129); Gold's Louisiana, LLC (9825); Gold's North Carolina, LLC (3221); Gold's Ohio, LLC (4396); Gold's Oklahoma, LLC (7577); Gold's St. Louis, LLC (4827); Gold's Southeast, LLC (9382); and Gold's Texas Holdings Group, Inc. (8156) (together, the "**Chapter 11 Cases**").

[2] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The following Affiliate Cases are hereby closed; provided that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| **Debtor** | **Case No.** | **Debtor** | **Case No.** |
|---|---|---|---|
| Gold's Gym International, Inc. | 20-31319 | Gold's North Carolina, LLC | 20-31328 |
| Gold's Holding Corp. | 20-31320 | Gold's Ohio, LLC | 20-31329 |
| Gold's Alabama, LLC | 20-31321 | Gold's Oklahoma, LLC | 20-31330 |
| Gold's Gym Franchising, LLC | 20-31322 | Gold's Southeast, LLC | 20-31332 |
| Gold's Gym Merchandising, LLC | 20-31324 | Gold's St. Louis, LLC | 20-31333 |
| Gold's Gym Rockies, LLC | 20-31325 | Gold's Texas Holdings Group, Inc. | 20-31337 |
| Gold's Louisiana, LLC | 20-31326 | | |

2. The Remaining Case of GGI Holdings, LLC, Case No. 20-31318-swe11, shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

3. The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case. The Trustee shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of GGI Holdings, LLC, Case No. 20-31318-swe11. The docket in Case No. 20-31318-swe11 should be consulted for all matters affecting this case and all future pleadings need to be filed in this docket.

4. The Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases and whether or not they are pending before the Court in the Remaining Case or the Affiliate Cases. Any actions with regard to the Remaining Matters, including with respect to the Claims Reconciliation Process, any right or claim of RSG in connection with the tax issues identified in RSG's letters to the Trustee dated March 29, 2024 and April 3, 2024, *see* Docket No. 1331 § 4, (the "RSG Tax Matter"), and the Distribution Matters, whether currently pending in an Affiliate Case or not, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliate Case. Any failure of the Trustee to file an objection to any claim against or interest in any of the Debtors on or prior to entry of this Final Decree shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed allowed against or in any of the Debtors. Any objections to claims against or interests in the Debtors may be filed, administered, and adjudicated in the Remaining Case.

5. The Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases by the later of (i) 21 days after the date of entry of the Final Decree and (ii) the date on which such quarterly fees are otherwise due. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

6. Quarterly disbursements for the Remaining Case will be reported in post-confirmation reports and quarterly fees will be paid when due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Case.

7. Entry of this Final Decree is without prejudice to (a) the rights of the Debtors, the Trustee, or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to

section 350(b) of the Bankruptcy Code, and (b) the rights of the Debtors, the Trustee, or any entity authorized pursuant to the Liquidating Trustee Agreement or the Plan, as applicable, to dispute, in the Bankruptcy Court or any applicable non-bankruptcy forum, any claims that were filed against the Debtors in these Chapter 11 Cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Trustee, or any entity authorized pursuant to the Plan, as applicable, to file an objection to any claim in these Chapter 11 Cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed against any Debtor.

8. This Final Decree is immediately effective and enforceable upon its entry.

9. The Trustee is authorized pursuant to the Plan and the Liquidating Trust Agreement, and his respective agents are authorized, to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

10. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the RSG sale order [Docket No. 428] or the asset purchase agreement it approved, Plan, the Confirmation Order, the Liquidating Trust Agreement, the Bankruptcy Code, the Bankruptcy Rules, any order of this Court, applicable law, or otherwise, had this Final Decree not been entered. This includes, without limitation, any right or claim of RSG in connection with the RSG Tax Matter.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

### END OF ORDER ###

*Prepared and submitted by:*

John J. Kane (SBN 24066794)
S. Kyle Woodard (SBN 24102661)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com

**COUNSEL FOR MARK SHAPIRO, TRUSTEE
OF THE GGI LIQUIDATING TRUST**